UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-MD-01916 (Marra/Johnson)

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates to:

ATS ACTIONS
_____/

JOHN DOE 1 et al. v. CHIQUITA
   BRANDS INTERNATIONAL, INC.

Case No. 08-cv-80421
_____/

JUAN/JUANA DOES 1-619 v. CHIQUITA
   BRANDS INTERNATIONAL, INC.

Case No. 08-cv-80480
_____/

JOSE LEONARDO LOPEZ VALENCIA et al.
   v. CHIQUITA BRANDS INTERNATIONAL, INC.

Case No. 08-cv-80508
_____/

**DEFENDANT'S CONSOLIDATED MOTION TO DISMISS COMPLAINTS**

Defendant Chiquita Brands International, Inc. ("Chiquita"), hereby submits this consolidated motion to dismiss plaintiffs' complaints for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and S.D. Fla. Local Rule 7.1.

Plaintiffs in these three related complaints[1] seek to hold Chiquita responsible for the deaths or injuries of more than 700 Colombian nationals who were allegedly killed or injured by persons associated with an organization of loosely-affiliated, private right-wing paramilitary groups in Colombia known as the Autodefensas Unidas de Colombia (the United Self-Defense Forces of Colombia or "AUC") over a period spanning nearly two decades from 1988 through 2007.  They assert claims under the 200-year old Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note, and state tort law.  The sole basis upon which plaintiffs allege that Chiquita should be adjudged liable for these deaths is that Chiquita's former Colombian subsidiary was forced to make extortion payments to the AUC over a seven-year period during which the AUC controlled the remote, rural areas of Colombia in which Chiquita operated.

For the reasons stated in the accompanying memorandum in support of this motion, the legal theories asserted in these complaints are deficient as a matter of law.  Neither plaintiffs' claims for (i) providing material support to a terrorist organization, nor their claims for (ii) indirect liability for hundreds of separate extrajudicial killings, meets the stringent conditions set forth by the Supreme Court in *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004), to fall within the "narrow class" of offenses actionable under the ATS.  Plaintiffs' claims that (iii) Chiquita is liable under domestic law provisions such as the TVPA or state tort law also fail because plaintiffs do not adequately plead the elements of any of these claims.  Chiquita therefore respectfully requests that the Court dismiss plaintiffs' complaints for lack of subject matter

---

[1] As provided for in Section III of the CMO, this consolidated motion to dismiss is addressed to:  *John Doe 1, et al. v. Chiquita*, No. 08-cv-80421 (filed in D.N.J.) ("NJ Compl."); *Does 1-619 v. Chiquita*, No. 08-cv-80480 (filed in S.D.N.Y.) ("NY Compl."); and *Jose Lopez Valencia v. Chiquita*, No. 08-cv-80508 (filed in S.D. Fla.) ("Fla. Compl.").

jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

Dated: July 11, 2008

Eric H. Holder, Jr.
John E. Hall
James M. Garland
Jenny R. Mosier
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone: (202) 662-6000
Fax: (202) 662-6291

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Fax:  (212) 841-1010

Respectfully submitted,

/s/ Robert W. Wilkins
Sidney A. Stubbs (Fla. Bar No. 095596)
Robert W. Wilkins (Fla. Bar No. 578721)
Christopher S. Rapp (Fla. Bar No. 0863211)
rwilkins@jones-foster.com
JONES, FOSTER, JOHNSTON & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 659-3000
Fax: (561) 650-0412

*Counsel for Chiquita Brands International, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 11th day of July, 2008.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

By: /s/ Robert W. Wilkins
Fla. Bar No. 578721
rwilkins@jones-foster.com