UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/
**Case No. 08-cv-80421**

JOHN DOE 1 *et al.* v.
CHIQUITA BRANDS INTERNATIONAL, INC., *et al.*,
_____/

**NEW JERSEY PLAINTIFFS' MOTION REGARDING APPLICATION OF RULE 15(a)**

Plaintiffs John Doe 1, *et al.*, in Case No. 08-cv-80421 (the "New Jersey" Plaintiffs), hereby move for an order continuing the application of the current version of Rule 15(a) of the Federal Rules of Civil Procedure to this case, rather than the amended version of the Rule set to take effect on December 1, 2009. If the Court denies this motion, New Jersey Plaintiffs request that they be given 21 days from entry of the Court's order to amend their complaint as a matter of course.

A.   **The current and amended versions of Rule 15(a).**

At present, Rule 15(a) of the Federal Rules of Civil Procedure provides, in part: "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." To date, New

Jersey Plaintiffs have not used this one-time amendment "as a matter of course," and, because Defendants have not yet served a responsive pleading,[1] New Jersey Plaintiffs may still amend their complaint at any time without requiring leave of the Court or consent of the Defendants.

On December 1, 2009, the amended version of Rule 15(a) will take effect, providing in relevant part: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If the amended rule were to apply here, New Jersey Plaintiffs will have lost their amendment as a matter of course as soon as the rule takes effect.

**B.     Application of the amended rule is not automatic.**

Although the amended rule takes effect on December 1, 2009, application of the new rule to pending cases is not automatic. As a general matter, the Rules Enabling Act provides that the Supreme Court "may fix the extent such rule shall apply to proceedings then pending," except to the extent that "the application of such rule in such proceedings would not be feasible or would work injustice, in which event the former rule applies." 28 U.S.C. § 2074. With respect to the amendments that include the new Rule 15(a), the Supreme Court has specified that they "shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, *insofar as just and practicable*, all proceedings then pending." Order of the United States Supreme Court Adopting and Amending the Federal Rules of Civil Procedure (Mar. 26, 2009) (emphasis added). The "just and practicable" language appears to be a restatement of the requirements that the new rule apply unless it "would not be feasible or would work injustice."

---

[1] A Rule 12 motion is not a "responsive pleading." *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007).

2

The question, therefore, is whether it would be just and practicable or feasible to apply the new rule in this case. If not, then, pursuant to the Rules Enabling Act, "the former rule applies." 28 U.S.C. § 2074.

### C. Application of the amended rule here would be infeasible and unjust.

The Supreme Court has noted that, with respect to a new procedural rule, "the applicability of such provisions ordinarily depends on the posture of the particular case." *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 275 n.29 (1994). The posture of this case suggests that the new rule should not be applied here.

Courts have generally determined that application of a new rule to a pending case is appropriate where the party still has time to act under the rule, but not where the party would have been required to act *before* the rule took effect—in other words, where the party cannot comply with the rule on its effective date. In *United States v. Bowler*, 252 F.3d 741 (5th Cir. 2001), for example, the Fifth Circuit concluded that application of a new rule was unjust where it would have required the defendant to file a motion for a new trial "almost five months before the amended Rule was effective." *Id.* at 746. The Eleventh Circuit subsequently cited *Bowler* in *United States v. Correa*, 362 F.3d 1306 (11th Cir. 2004), where the court used the same reasoning and found that the rule could be applied because the defendant "had more than 34 months to file his motion after the amended rule became effective." *Id.* at 1309.

In an analogous context, the Ninth Circuit has determined that a new local rule should not apply where it would have required a party to act before the rule's effective date. In *Valerio v. Director of the Department of Prisons*, 306 F.3d 742 (9th Cir. 2002), an *en banc* panel of the Ninth Circuit expressly referenced the Supreme Court's opinion in *Landgraf* and the general "just and practicable" standard for application of new rules to pending cases. *Id.* at 765 & n.12.

3

The court declined to apply a new time limit where, "as of the effective date of the rule," the litigant "could not possibly have complied with its requirement" because the deadline had already passed. *Id.* at 765.

Several district courts have come to the same conclusion. In *United States v. Soler*, No. 94 Cr. 533, 2000 U.S. Dist. LEXIS 4783 (S.D.N.Y. Apr. 17, 2000), the court found that "[i]t would be entirely anomalous to apply the current time limit" to a motion where to do so "would mean that [the] motion was barred before the revision . . . even came into effect." *Id.* at *2; *see also United States v. Jasin*, Crim. No. 91-602-08, 2000 U.S. Dist. LEXIS 17635, *6 (E.D. Pa. Nov. 22, 2000) (same). Similarly, in *United States v. Camacho*, 163 F. Supp. 2d 287 (S.D.N.Y. 2001), the court found that even though the deadline had not passed when the rule came into effect, "[i]t would be unfair to apply the new rule . . . because it would interject an unexpected deadline," and deprive the defendants of "clear advance notice of their deadlines." *Id.* at 295; *see also Schwartz v. Dolan*, 159 F.R.D. 380, 385 (N.D.N.Y. 1995) (finding that it would not be "just and practicable" to apply a rule setting a new deadline, even though the deadline had not passed when the rule came into effect, in part because the case was ongoing well before the new rule and the motions "that resulted in the court's order were argued . . . well over a year before the effective date of the amendment").

The same reasoning applies here. Defendants' Rule 12(b) motion to dismiss this case was filed on July 11, 2008. Pursuant to the amended rule 15(a), New Jersey Plaintiffs would have had 21 days following that date in order to file their amendment as a matter of course, which would have expired on August 1, 2009—one year and five months before the effective date of the amended rule. It would be manifestly unjust to require New Jersey Plaintiffs to meet

4

the requirements of this rule before the rule even comes into effect, and it is impossible for them to meet its requirements once it is in effect. It should not be applied here.

Under the Rules Enabling Act, if the application of the new rule "would not be feasible or would work injustice," then "the former rule applies." 28 U.S.C. § 2074; *see also, e.g.*, *Bowler*, 252 F.3d at 746 ("[a]pplying the prior version" of the rule after concluding that the amended rule could not be applied). Accordingly, because the new rule cannot justly be applied to this pending case, the current, pre-amendment version of Rule 15(a) should continue to apply here.

### D. If this motion is denied, New Jersey Plaintiffs should be given 21 days to amend.

If the Court denies this motion and finds that it is just and practicable to apply the amended rule in this circumstance, New Jersey Plaintiffs request that they be given 21 days from the entry of the Court's order to amend their complaint as a matter of course. This is the same 21-day period that they would have from the triggering event under the amended Rule 15(a).

### CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with counsel for Defendants in a good faith effort to resolve the issues but has been unable to do so, and counsel for Defendants indicated their opposition to this Motion.

Respectfully submitted,

/s/ John DeLeon
John DeLeon, Fl. Bar No. 650390
jdeleon@chavez-deleon.com
**Law Offices of Chavez-DeLeon**
5975 Sunset Drive, Suite 605
South Miami, FL   33143
Tel: 305/ 740-5347
Fax: 305/ 740-5348

5

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C.  20005-3964
Tel: 202/408-4600
Fax: 202/408-4699

Paul L. Hoffman
**Schonburn, Desimone, Seplow,**
 **Harris & Hoffman LLP**
723 Ocean Front Walk
Venice, CA  90210
Tel: 310/ 396-0731
Fax: 310/ 399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA  19027
Tel: 215/ 782-8367
Fax: 202/ 782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C.  20015
Tel: 202/ 365-7260

Richard Herz
Marco Simons
**Earthrights International**
1612 K Street N.W., Suite 401
Washington, D.C.  20006
Tel: 202/466-5188
Fax: 202/466-5189

*Counsel for New Jersey Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I caused the foregoing document, New Jersey Plaintiffs' Motion Regarding Application of Rule 15(a), to be electronically filed with the Clerk of the Court using CM/ECF on this 30th day of November, 2009.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

      /s/ John DeLeon
      John DeLeon, Fl. Bar No. 650390
      jdeleon@chavez-deleon.com