UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS

    08-80421-CIV-MARRA
    08-80465-CIV-MARRA


_____/


**INDIVIDUAL DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
COURT'S ORDER DENYING IN PART THEIR MOTIONS TO DISMISS**

**INTRODUCTION**

The Individual Defendants[1] respectfully move for reconsideration of the Court's Order denying in part their motion to dismiss. (D.E. 1110 (Jun. 1, 2016) ("Order").)

The Court correctly held that it lacks personal jurisdiction over the Individual Defendants in *Does 1-11* (the New Jersey action) and in *Does 1-144* (the District of Colombia action). (Order at 31-32.) The Court also correctly held that the law precludes the Court from transferring the cases to another district. (*Id.* at 32-34.) Given these two holdings, binding Eleventh Circuit precedent required the Court to dismiss the claims over which it lacked jurisdiction. *See, e.g.*, *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss.'" (quotation marks and citation omitted)).

The Court nevertheless *denied* the Individual Defendants' motions to dismiss for lack of personal jurisdiction and purported to continue exercising authority over the parties. (Order at 37.) Despite lacking jurisdiction, the Court ruled on other arguments for dismissal of plaintiffs' claims on the merits, and even ordered the Individual Defendants to file answers to the complaints. (*Id*. at 38.) These rulings were *ultra vires*; the Court can neither rule on the merits nor direct the Individual Defendants to take action with respect to claims over which the Court

---

[1] Fernando Aguirre, Cyrus Freidheim, Charles Keiser, Robert Kistinger, Robert Olson, William Tsacalis, and Steven Warshaw. The Estate of Roderick Hills has not joined this motion because the Court reserved ruling on its motion to dismiss, and thus it was not subject to the Court's order to answer the complaints. (Order at 7 n.9.) Although Individual Defendant Warshaw joins in this motion for purposes of the jurisdictional argument, he maintains that the Court's ruling that the Amended Complaint failed to state a claim against him with respect to several of the claims asserted was correct.

1

lacks jurisdiction. *See Steel Co. v Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all . . . .").

The Court therefore should dismiss the claims against the Individual Defendants in the New Jersey and D.C. actions for lack of personal jurisdiction. At a minimum, the Court should immediately vacate the portions of the order that purport to (i) deny the Individual Defendants' motions to dismiss under Rule 12(b)(6) and (ii) require the Individual Defendants to answer the complaints within 20 days.

## LEGAL STANDARD

A motion for reconsideration should be granted where the court has committed a "manifest error[] of law or fact." *Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 687 (S.D. Fla. 2009) (quotation marks omitted). A court's "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" is a manifest error of law. *Osorio v. Korge*, No. 13-20105-CIV, 2013 WL 9958979, at *10 (S.D. Fla. Sept. 30, 2013) (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

## ARGUMENT

**I.   THE COURT MUST DISMISS THE CLAIMS FOR WHICH JURISDICTION IS LACKING.**

The Court committed "manifest error" when it refused to dismiss the Torture Victims Protection Act ("TVPA") and Colombian law claims against the Individual Defendants in the New Jersey and D.C. actions.[2] The Court was obligated to dismiss these claims based on its

---

[2] The Court need not reconsider its dismissal of the claims under the Alien Tort Statute and state law because those claims were dismissed for lack of subject-matter jurisdiction. (Order 15-17.) When subject-matter jurisdiction is lacking, a court must dismiss the claims regardless of whether personal jurisdiction exists. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

2

holdings that (i) the Court lacks personal jurisdiction over the Individual Defendants, and (ii) the law precludes the Court from ordering a transfer of the cases.

In "a long and venerable line of . . . cases," the Supreme Court has repeatedly held that a federal court cannot address the merits of a plaintiff's claims unless the court first determines that it has jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citations and quotation marks omitted); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("jurisdiction is always an antecedent question"). This rule is not limited to a court's subject-matter jurisdiction; it also requires a court to first decide that it has personal jurisdiction over the defendants. *See Ruhrgas*, 526 U.S. at 577 ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.").

This rule—that jurisdiction must be decided first—is not simply a procedural rule that a district court has discretion to ignore. To the contrary, the rule is "inflexible and without exception." *Ruhrgas*, 526 U.S. at 577 (citations and quotation marks omitted); *Steel Co.*, 523 U.S. at 94. That is because the rule ensures that courts do not exceed their constitutional and statutory authority: If a court "pronounce[s] upon [the merits] when it has no jurisdiction to do so," its actions are "ultra vires" and violate "separation of powers principles" and "the constitutional safeguard of due process." *Steel Co.*, 523 U.S. at 101-02.

When a court lacks jurisdiction, it must typically dismiss the party or claims for which jurisdiction is lacking. *See Steel Co.*, 523 U.S. at 94. As the Supreme Court explained, "'[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex parte McCardle*, 7 Wall. 506,

3

514 (1868)). The Eleventh Circuit has repeatedly recognized this point, holding that "if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss." *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962)[3]; *Posner*, 178 F.3d at 1214 n.6 (same).

Congress has created two limited exceptions to this general rule that permit a court without jurisdiction to transfer a case to a court with jurisdiction. *See* 28 U.S.C. § 1406; 28 U.S.C. § 1631. But the Court correctly ruled that those statutory exceptions do not apply here. *See* Order at 34 ("The Court agrees, and finds that § 1407(a), as interpreted in *Lexecon*, precludes this Court from ordering a transfer under either §§1406(a) or 1631 – either now or at the conclusion of pretrial proceedings – in effort to cure the jurisdictional defect presented."). And those transfer statutes reinforce the rule by making clear that dismissal is mandatory if the case is not transferred. Indeed, Section 1406 expressly states that a district court "*shall* dismiss" the case if the case is not transferred. 28 U.S.C. § 1406(a) (emphasis added). Consistent with this text, courts of appeals have repeatedly held that dismissal is required when jurisdiction is lacking and the case is not transferred. As the Sixth Circuit recently explained, "a district court has only two options: (1) dismiss the case, or (2) transfer the case to a jurisdiction of proper venue, if it be in the interest of justice." *Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007); *see also Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("A district court must dismiss such a suit if it denies the transfer.").

Thus, once this Court correctly concluded that (i) it lacked personal jurisdiction over the Individual Defendants in the New Jersey and D.C. actions, and (ii) it could not transfer those

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

4

actions, its only option was to dismiss the claims against those defendants. The Court manifestly erred in denying the motions to dismiss for lack of personal jurisdiction and not dismissing the claims against the Individual Defendants.

## II. AT A MINIMUM, THE COURT SHOULD HAVE TAKEN NO ACTION WITH RESPECT TO THE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS AFTER HOLDING THAT IT LACKED PERSONAL JURISDICTION.

The Court justified denying the Individual Defendants' motions to dismiss for lack of personal jurisdiction—despite holding that it had no personal jurisdiction over these defendants—based on its desire to provide the Judicial Panel for Multidistrict Litigation ("JPML") with the opportunity to remand the cases to the transferor courts. Order at 38.[4] As discussed above, the Court had no authority to do this and was required to dismiss the claims.

But even if the Court could refuse to dismiss the claims to allow the JPML to address them, the Court exceeded its authority by taking further action regarding those claims. The Eleventh Circuit has expressly stated that "[a] court without personal jurisdiction is powerless to take further action." *Posner*, 178 F.3d at 1214 n.6. The Supreme Court has similarly held that, "[w]ithout jurisdiction the court cannot proceed *at all* in any cause." *Steel Co.*, 523 U.S. at 94 (citation and quotation marks omitted) (emphasis added). These decisions categorically bar a court from taking further action because, as discussed above, by addressing the merits of a plaintiff's claim despite lacking jurisdiction, a court's actions are "ultra vires" and violate the Constitution. *Ruhrgas*, 526 U.S. at 583.

---

[4] The Individual Defendants respectfully disagree with the Court's view that the JPML can (or should) remand these cases in the circumstances presented here. They will address those arguments to the JPML in response to any conditional remand order issued in response to the suggestion of remand contained in the Order.

5

Despite this case law, the Court did not stay (or otherwise suspend) the proceedings until the JPML could attempt to cure the jurisdictional defects. Instead, the Court proceeded as though it had jurisdiction over the Individual Defendants. The Court purported to decide the motions to dismiss under Rule 12(b)(6), even though doing so required the Court to address the merits of plaintiffs' claims. (Order at 17-30, 35-38.) Moreover, despite being unable to issue a "decision [that] will bind them," *Ruhrgas*, 526 U.S. at 577, the Court purported to order the Individual Defendants to file answers to the New Jersey and D.C. complaints within 20 days. (Order at 38 ¶ 5.)

The Court committed "manifest error" by taking further action on plaintiffs' claims, because those actions were "ultra vires" and violated the Individual Defendants' due process rights. *Ruhrgas*, 526 U.S. at 583. Thus, at a minimum, the Court should vacate its order insofar as it denies the Individual Defendants' motions to dismiss under Rule 12(b)(6) and orders them to answer the New Jersey and D.C. complaints. *See Posner*, 178 F.3d at 1214 n.6 (court must decide personal jurisdiction challenge before ruling on Rule 12(b)(6) motion); *Courboin v. Scott*, 596 F. App'x 729 (11th Cir. 2014) (vacating 12(b)(6) rulings by district court that concluded it lacked personal jurisdiction, because "a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings").[5]

---

[5] We also note two factual errors that warrant correction. *First*, the Court's Order mistakenly asserts that Eric Holder was Chiquita's general counsel at the time Chiquita entered into its Factual Proffer. (Order at 8.) Mr. Holder has never been Chiquita's general counsel, the Factual Proffer does not identify him as such, and no complaint in this MDL proceeding alleges that he was. Mr. Holder signed the Factual Proffer in his capacity as Chiquita's outside counsel at Covington & Burling LLP. *See United States v. Chiquita Brands International*, District of the District of Columbia Case 07-CR-0555 (RCL), D.E. 3 and D.E. 11. *Second*, the Order states that "Ferdinand Aguirre is the current CEO of Chiquita." (Order at 13.) Defendant Fernando Aguirre is no longer the CEO of Chiquita, and no complaint in this MDL proceeding alleges that he is Chiquita's CEO as of 2016. We respectfully submit that the Court should amend the Order to correct these factual errors. *See, e.g.*, *Ryals v. Rambosk*, No. 2:07-CV-56-FTM-
(continued…)

# CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court grant the motion for reconsideration, dismiss the TVPA and Colombian laws claims in the New Jersey and D.C. actions for lack of personal jurisdiction, and vacate its denial of their motions to dismiss under Rule 12(b)(6). Alternatively, the Individual Defendants respectfully request that the Court immediately vacate its denial of their motions to dismiss under Rule 12(b)(6) and its order that they file answers within 20 days.

Dated: June 8, 2016                                                            Respectfully submitted,

| | |
|---|---|
| John E. Hall |   /s/ Robert W. Wilkins |
| Mark Mosier | Sidney A. Stubbs (Fla. Bar No. 095596) |
| Shankar Duraiswamy | Robert W. Wilkins (Fla. Bar No. 578721) |
| José E. Arvelo | rwilkins@jones-foster.com |
| COVINGTON & BURLING LLP | JONES, FOSTER, JOHNSTON & STUBBS, P.A. |
| One CityCenter | 505 South Flagler Drive, Suite 1100 |
| 850 Tenth Street, NW | West Palm Beach, Florida 33401 |
| Washington, D.C. 20001 | Telephone: (561) 659-3000 |
| Telephone: (202) 662-6000 | Fax: (561) 650-0412 |
| Fax: (202) 662-6291 | |

Jonathan M. Sperling
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 841-1000
Fax:  (212) 841-1010

*Counsel for Fernando Aguirre*

Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
Michael G. Austin (FBN 457205)

---

29SPC, 2010 WL 3341868, at *6 n.1 (M.D. Fla. Aug. 20, 2010) (issuing an amended opinion and order to correct an error).

michael.austin@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: 305.423.8562
Fax: 305.675.6366

Earl Silbert (admitted pro hac)
earl.silbert@dlapiper.com
Charles B. Wayne (admitted pro hac)
charles.wayne@dlapiper.com
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC  20004
Tel:  202.799.4000
Fax: 202.799.5000

*Counsel for Cyrus Freidheim and Robert Kistinger*

David S. Krakoff
James T. Parkinson
BUCKLEYSANDLER LLP
1250 24th Street, N.W., Suite 700
Washington, D.C. 20037
Telephone:  (202) 349-8000
Fax:  (202) 349-8080

L. Louis Mrachek (Fla. Bar No. 182880)
MRACHEK, FITZGERALD, ROSE,
KONOPKA, THOMAS & WEISS, P.A.
505 South Flagler Drive, Suite 600
West Palm Beach, Florida 33401
Telephone: (561) 655-2250
Fax: (561) 655-5537

*Attorneys for Defendant Charles Keiser*

J. Michael Burman, Esq. (FBN: 136214)
Bernard A. Lebedeker, Esq. (FBN: 42950)
REID BURMAN LEBEDEKER
222 Lakeview Ave., Suite 1160
West Palm Beach, FL 33401
561-659-7700 (telephone)

8

561-659-6377 (fax)
jmb@reidburmanlaw.com
bal@reidburmanlaw.com

*Counsel for Keith Lindner and Steven Warshaw*

Jeffrey A. Neiman
(Florida Bar Number 544469)
MARCUS NEIMAN & RASHBAUM
100 Southeast Third Avenue
Suite 805
Fort Lauderdale, FL 33394
Tel: (954) 462-1200
Fax: (954) 688-2492
jneiman@mnrlawfirm.com

Elissa J. Preheim
(pro hac vice motion pending)
R. Stanton Jones
(pro hac vice motion pending)
ARNOLD & PORTER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 952-5999
elissa.preheim@aporter.com
stanton.jones@aporter.com

*Counsel for Defendant Robert Olson*

John B. T. Murray, Jr. (Fla. Bar. No. 962759)
jb.murray@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401
Telephone: 561.650.7213
Facsimile: 561.655.1509

*Attorney for Defendant William Tsacalis*

9

**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on this 8th day of June, 2016.  I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008 Joint Counsel List filed in accordance with the CMO.

        By:    /s/ Robert W. Wilkins_____
             Robert W. Wilkins (Fla. Bar No. 578721)