UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-01916-MD-MARRA/JOHNSON

IN RE: CHIQUITA BRANDS INTERNATIONAL, INC.,
ALIEN TORT STATUTE AND
SHAREHOLDER DERIVATIVE LITIGATION
_____/

This Document Relates To:
ATS ACTIONS
_____/

08-80421-CIV-MARRA
08-80465-CIV-MARRA
_____/

**PLAINTIFFS' OPPOSITION TO INDIVIDUAL DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE COURT'S
<u>ORDER DENYING IN PART THEIR MOTION TO DISMISS</u>**

2082044.1

### I.     Introduction

The Court was correct when it suggested that the Joint Panel on Multidistrict Litigation (JPML) should re-transfer the "New Jersey" and the "DC" Plaintiffs' claims against the Individual Defendants to the transferor courts, so those courts could consider transferring the claims to federal courts where personal jurisdiction exists. DE 1110 at 34-35.

As Defendants accept, federal courts can transfer cases despite a lack of personal jurisdiction. In that regard, remand under the MDL statute – which is a re-transfer of the case – is no different than transfer under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631, in that transfer does not violate the rule against proceeding without jurisdiction.

The alternative suggested by the Individual Defendants in their Motion for Reconsideration (DE 1121) is that litigants in MDL proceedings are uniquely prejudiced by the complete unavailability of transfer to cure lack of jurisdiction. Defendants cite literally no authority that supports the result they urge: that, once a case has been transferred to an MDL court via 28 U.S.C. § 1407, neither the transferee nor the transferor court can utilize section 1406 or section 1631. Neither the purpose of MDL proceedings – to promote just and efficient litigation – nor the purpose of section 1631 would be effected by that result.

The Individual Defendants' other objections are minor. Nearly all of the discussion in the Court's Order applies to defendants for whom personal jurisdiction is present in at least some cases – thus there can be no problem with it. Additionally, the Court was entitled to assess the viability of Plaintiffs' claims in order to determine whether recommending transfer makes sense. These rulings were proper, but – as to defendants for whom personal jurisdiction has been found lacking – the effect of these rulings in allowing claims to proceed can be suspended until re-transfer. Similarly, the New Jersey and DC Plaintiffs have no

objection to waiting until after the re-transfer procedure to require the Individual Defendants to answer the New Jersey and DC Complaints.

> II. **Either this Court or the transferor court must have the ability to conduct a curative transfer under 28 U.S.C. § 1406 or 28 U.S.C. § 1631.**

The Court was right that it can suggest a remand to the transferor court to achieve a jurisdictional transfer. DE 1110 at 34-35. Defendants have no authority for their argument that the Court cannot suggest a remand after finding the transferor court lacks personal jurisdiction, but is bound to dismiss the case. DE 1121 at 4-5. And their argument amounts to the untenable position that the protections of section 1406 and section 1631 do not apply in MDL cases. Plaintiffs submit that at least one court – transferee or transferor – must have the power to resolve jurisdictional objections because section 1407 cannot be read to deny Plaintiffs relief under sections 1406 and 1631.

> A. **There is no constitutional issue with either remand or transfer.**

Despite Defendants' protestations, there is no constitutional due process issue here:

> Congress may, consistent with the due process clause, enact legislation authorizing the federal courts to exercise nationwide personal jurisdiction. *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 442, 90 L. Ed. 185, 66 S. Ct. 242 (1946) ("Congress could provide for service of process anywhere in the United States"). One such piece of legislation is 28 U.S.C. § 1407 (1982), the multidistrict litigation statute.

*In re: Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir. 1987). In support of their constitutional objections, Defendants cite cases that have no applicability here. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998), dealt with the issue of subject matter jurisdiction, and the concern over boundaries of the federal and state courts. Similarly, Fourteenth Amendment due process concerns, which were at issue in *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999), also do not apply here. In federal question cases, such as this one, the only due process limitations that apply are with respect to the defendant's

2

"aggregate contacts with the nation as a whole rather than his contacts with the forum." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946 (11th Cir. 1997). There is no dispute that all Defendants have sufficient contacts with the United States, and thus there is no constitutional issue here.

Thus Defendants' argument amounts to a claim that this Court exceeded its statutory authority. Defendants are wrong. Under the Court's prescribed procedure, that statutory authority is found in 28 U.S.C. § 1407(a) itself, which allows remand "at or before the conclusion of . . . pretrial proceedings." Alternatively, if Defendants insist this is not permissible, the statutory authority for direct transfer may be found in 28 U.S.C. § 1631.

### B. The JPML has the power to remand to the transferor court to cure jurisdiction.

Transferring cases – whether via an MDL remand or section 1406(a) or 1631 – does not violate the general principle that a court cannot proceed without jurisdiction. In one recent decision, for example, a federal court cited the same rule that Defendants rely on: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Albino v. United States*, 104 Fed. Cl. 801, 812 (2012). The court then ordered transfer under section 1631. *Id.* at 817-18. Indeed, the Supreme Court has upheld the ability of a court without jurisdiction to transfer a case under section 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

While Defendants accept that federal courts can cure personal jurisdiction by transferring claims pursuant to sections 1631 and 1406(a), DE 1121 at 4, they argue that because this Court cannot transfer *directly* under these statutes, the claims must be dismissed. *Id.* Such an unjust result is not warranted by statute or caselaw. Defendants cite no case that holds that an MDL transferee court cannot retain claims for the sole purpose of allowing the

3

JPML to consider a remand – a transfer back to the transferor court – so that that court, in turn, can consider a curative transfer under either section 1406 or 1631.

The MDL statute grants the Court and the JPML the necessary authority. It provides that each MDL case "shall be remanded by the panel at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a); *see also* J.P.M.L Rule of Procedure 10.1(b) (noting that "the transferee judge" may recommend complete or partial remand "to the transferor court *at any time*" (emphasis added)). Just like transfers under section 1406(a) and section 1631 do not offend the rule against proceeding without jurisdiction, transfers under the MDL statute – including the re-transfer to the transferor court, termed a remand – is likewise unproblematic.

Indeed, the MDL statute *must* be read this way. To hold otherwise would be to accept that Congress created a procedure for curative transfers but intended that procedure to be unavailable in multidistrict litigation cases. The MDL procedure was meant to serve the ends of justice, not create new injustices. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred." (quoting H.R. Rep. No. 90-1130 (1968))).

Finally, while the Defendants argue that a transferee court *shall* dismiss a case when they find personal jurisdiction lacking, DE 1121 at 3-4, they ignore the command in section 1631 that a court *shall* transfer a case to a court with proper jurisdiction where – as is the case here – it is in the interests of justice to do so. Although Defendants argue that this Court cannot do so due to section 1407(a)'s requirement of remand to the transferor court, as recognized in *Lexecon*, that argument suggests that there is a conflict between section 1407(a) and section 1631. Faced with such an apparent conflict, the Court should apply "the

4

familiar principle of statutory construction that conflicting statutes should be interpreted so as to give effect to each." *Smith v. Robinson*, 468 U.S. 992, 1024 (1984).[1] This Court's ruling does just that – it gives effect to both section 1407(a)'s requirement of remand to the transferor court, and section 1631's requirement of curative transfer.

### C. *Lexecon* does not prevent the Court from transferring the case under 28 U.S.C. § 1406(a) or 1631.

In the alternative, Plaintiffs maintain that if the Court lacks power to recommend remand to entertain a curative transfer, the Court must have power to transfer directly.

While *Lexecon* disapproved of self-transfers pursuant to 28 U.S.C. § 1404, it did so to safeguard the *plaintiff's* choice of forum. The Supreme Court framed the issue in terms of the power of "transferee courts to make self-assignments" versus "preserving a plaintiff's choice of venue." *Lexecon*, 523 U.S. at 40. It noted that courts are bound by a statute that "limits the authority of courts . . . to override a plaintiff's choice of forum." *Id.* at 42. It remarked on the significance of denying the "plaintiff's right to a remand once the pretrial stage has been completed." *Id.* Under *Lexecon*, there should be no problem if the plaintiff is urging transfer. And, lest there be any doubt, Plaintiffs here are consenting to such transfer.[2]

While *Lexecon* relied on the language of section 1407(a) that an MDL case must be remanded if it is not terminated, there are other circumstances in which this is not done. For

---

[1] *Superseded in other respects by statute as stated in L.M.P. ex rel E.P. v. Sch. Bd.*, 516 F. Supp. 2d 1305, 1314 (S.D. Fla. 2007).

[2] Other district courts have recognized, after *Lexecon*, that an MDL transferee court can cure jurisdictional problems itself by virtue of a section 1631 transfer. *See e.g.*, *In re Ski Train Fire in Kaprun, Aus.*, 257 F. Supp. 2d 717, 733-35 (S.D.N.Y. 2003) (MDL transferee court, "[h]aving found that there is no basis for personal jurisdiction," transferred case to district of competent jurisdiction under section 1631); *Arandell Corp. v. Xcel Energy, Inc.*, No. MDL 1566, 2010 U.S. Dist. LEXIS 104116, at *30-32 (D. Nev. June 4, 2010) (noting that a section 1631 transfer might be appropriate after *Lexecon* if Plaintiffs waived their right to remand to the transferor court).

5

example, MDL courts often remand cases directly to state court where diversity jurisdiction is lacking, pursuant to 28 U.S.C. § 1447(c). *E.g.*, *In re Ivy*, 901 F.2d at 9 (transferee court authorized to assess and resolve whether removal jurisdiction existed). In such cases the transferee court is not remanding to the transferor court, and the case is not terminated. Presumably, however, the courts find the command of section 1447(c) to take precedence over section 1407(a)'s otherwise mandatory remand.

The same should be true of section 1631, for two reasons. First, unlike the language of section 1404(a) at issue in *Lexecon*, section 1631 is mandatory. Under section 1404(a), a district court "*may* transfer" a case to another district. (Emphasis added.) But under section 1631, a district court "*shall* transfer" to cure lack of jurisdiction. (Emphasis added.) Second, section 1631, enacted in 1982, postdates the 1968 enactment of section 1407 – again, unlike section 1404. Fourteen years after the MDL statute, Congress enacted a statute that required all courts to transfer to cure lack of jurisdiction.

If Defendants are correct that the conflict between section 1407(a) and section 1631 is irreconcilable, the later-in-time statute must be given priority. "'[W]here provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one.'" *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 154 (1979) (quoting *Posadas v. Nat'l City Bank*, 296 U.S. 497, 503 (1936)). To the extent of any conflict with section 1407(a), therefore, section 1631 must be given priority. And to make jurisdictional transfers unavailable in MDL cases would both conflict with the text of section 1631 and the intent behind it. "The legislative history" of section 1631 "points to a presumption in favor of transfer," because "the dismissal of an action or appeal that might thrive elsewhere is not only resource-wasting but also justice-defeating." *Britell v. United States*, 318 F.3d 70, 73-74 (1st Cir. 2003). "Congress gave broad authority to permit the

transfer of an action between any two federal courts, and courts have effectuated Congress's intent by broadly construing the statute." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (internal citations and quotation marks omitted). Specifically, "Congress intended to protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system." *Id.* (internal quotation marks omitted).

Defendants would have this Court simply ignore section 1631 and Congress's intent in enacting it.

### D. If this Court cannot either transfer or remand, it should vacate its jurisdictional holdings.

If Defendants are correct that a remand for jurisdictional transfer is impossible after this Court has ruled that personal jurisdiction is lacking – and if the Court still holds that direct transfer is barred by *Lexecon* – there is another option to avoid the obviously unjust result that Defendants urge. If this Court – solely by virtue of the fact that it is an MDL transferee court – has no means to cure a jurisdictional defect, then it is error to rule on personal jurisdiction at all. In that case, the Court should vacate its jurisdictional holdings, note the jurisdictional objections, and suggest a remand to the transferor courts to rule on those objections.

There should be no doubt that transfer and remand is possible while a jurisdictional objection is pending. "The fact that there [are] jurisdictional objections pending [does] not deprive the MDL panel of the ability to transfer the case." *Grispino v. New Eng. Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). Indeed, in a 2013 order, the JPML expressly concluded that "the Panel has authority to remand an action in which a jurisdictional objection is pending." Remand Order, *In re: Stanford Sec. Litig.*,

7

MDL No. 2099 (J.P.M.L. Dec. 23, 2013).[3] This Court should not resolve such objections if it does not have the power to give effect to Congress's intent in passing section 1631.

### III. Vacating the Court's substantive rulings is unnecessary.

Regardless of personal jurisdiction, vacating this Court's Order is unwarranted.

#### A. Rulings on common issues must stand.

Personal jurisdiction has not been contested by several of the Individual Defendants. Cyrus Freidheim does not contest that he is subject to jurisdiction in the *Valencie*, *Montes*, and *Carrizosa* actions. Carla Hills, as personal representative of the Estate of Roderick Hills, does not contest personal jurisdiction in the District of Columbia, in the DC action.

Because personal jurisdiction is unquestioned as to at least some of the defendants, all rulings on common issues must stand. This includes Part IV(C)(1) as to exhaustion of local remedies, Part IV(C)(2) as to the statute of limitations, the first paragraph under Part IV(C)(3)(a) as to the standard for aiding and abetting liability, the first two paragraphs under Part IV(C)(3)(b) as to conspiracy liability, and Part IV(C)(5) as to the Colombia law claims. These rulings may not become immediately effective against the Individual Defendants who are subject to remand, but there is no need to vacate them.

Similarly, the Court's discussion of the specific conduct of the Individual Defendants, in Parts IV(C)(3)(a)-(b), is relevant to all Defendants. The Court's discussion is necessary to explain the course of events, especially in relation to the conspiracy allegations. The Court was, of course, entitled to proceed to rule on the claims against Freidheim and Hills. That includes all of the specific facts discussed in these parts of the Order, which is all relevant to the conspiracy allegation.

---

[3] http://www.jpml.uscourts.gov/sites/jpml/files/MDL-2099-Remand_Order-12-13.pdf.

### B. Rulings on Freidheim's and Hills's individual allegations must stand.

Because both Freidheim and Hills are unquestionably subject to personal jurisdiction in at least one of the actions before the Court, there is likewise no reason to vacate the Court's rulings as to the individual allegations against them.

### C. This Court is entitled to assess the viability of the claims against all Defendants.

While Plaintiffs believe that there is no actual problem if the Court were to issue substantive rulings as to all Individual Defendants, due to the Court's nationwide personal jurisdiction power in an MDL case, the Court's Order should not be interpreted as deciding that claims against the other Individual Defendants can actually proceed. Instead, the Order makes clear that such claims cannot proceed until after the re-transfer procedure. Nonetheless, it was still appropriate for the Court to assess the viability of these claims.

A court considering a jurisdictional transfer typically considers whether transfer would be futile due to other infirmities in the claim – including issues such as the statute of limitations and the sufficiency of the allegations. These determinations are relevant in deciding whether claims "could have been brought" in another jurisdiction and whether transfer is "in the interest of justice" – two of the key elements under 28 U.S.C. § 1631. *See Hays v. Postmaster Gen. of United States*, 868 F.2d 328, 331 (9th Cir. 1989), *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."). Thus in considering whether a claim should be transferred, the court can assess its merits, even after finding that it lacks jurisdiction. *Galloway Farms, Inc.*, 834 F.2d at 1000.

While this Court was not ordering transfer directly, it was likewise entirely appropriate for it to assess the merits of the claims against each Defendant, to ensure that recommending remand and transfer would not be pointless. Nonetheless, Plaintiffs have no

9

objection to suspending the effect of these rulings until these claims have been re-transferred to this Court from a transferor court with personal jurisdiction.[4]

## IV. Plaintiffs do not object to a stay of the obligation to answer.

If the claims against the Individual Defendants are remanded, Plaintiffs do not object to a stay of the obligation to answer until 20 days following any re-transfer to this Court. That stay should, of course, only apply to the Individual Defendants in these two cases, where jurisdiction has not yet been established.

Dated: June 16, 2016

Respectfully submitted,

/s/ *Marco Simons*
Marco Simons
Richard Herz
Marissa Vahlsing
Michelle Harrison
Sean Powers
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189

Agnieszka M. Fryszman
Benjamin D. Brown
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C. 20005-3964
Tel: 202-408-4600
Fax: 202-408-4699

Paul L. Hoffman
**Schonbrun, Desimone, Seplow,
Harris, Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA 90291

---

[4] The DC Plaintiffs note that only they named Steven Warshaw as a Defendant. Should this Court agree to suspend the application of any merits decision, or if the Court agrees with the Individual Defendants that its rulings on the merits were *ultra vires*, then Warshaw should not get the benefit of the merits decision in his favor. *See* DE 1121 at 1, n. 1.

10

Tel: 310-396-0731
Fax: 310-399-7040

Judith Brown Chomsky
**Law Offices of Judith Brown Chomsky**
Post Office Box 29726
Elkins Park, PA 19027
Tel: 215-782-8367
Fax: 202-782-8368

Arturo Carrillo
**Colombian Institute of International Law**
5425 Connecticut Ave., N.W., #219
Washington, D.C. 20015
Tel: 202-365-7260
Fax:  202-994-4946

**Counsel for John Doe I Plaintiffs, original docket number:  9:08-cv-80421-KAM**

Terry Collingsworth, Esq. (admitted *Pro Hac Vice*)
International Rights Advocates
1301 Connecticut Avenue NW, Suite 350
Washington, D.C. 20036
Phone: 202-543-5811
tc@iradvocates.org

**Counsel for Does 1-144, original docket number: 9:08-cv-80465-KAM**

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on June 16, 2016. I also certify that the foregoing document is being served this day on all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF, and in accordance with the Court's First Case Management Order ("CMO") and the June 10, 2008, Joint Counsel List filed in accordance with the CMO.

      /s/*Marco Simons*
Marco Simons
marco@earthrights.org
**EarthRights International**
1612 K Street N.W., Suite 401
Washington, D.C. 20006
Tel: 202-466-5188
Fax: 202-466-5189